# EDWARD McQUAT and Associates
# New York, NY and Atlanta, GA
# (972) 965-3204
# emcquat@hotmail.com

September 5, 2018

**VIA ECF**

Hon. Edgardo Ramos

United States District Judge

Southern District of New York

Thurgood Marshall

United States Courthouse

40 Foley Square

New York, NY 10007

                Re: United States v. Reynaldo Lopez

                SDNY Criminal Docket No. 18-cr-142 (ER)

Dear Judge Ramos,

## PRELIMINARY STATEMENT

        Defendant, Mr. Reynaldo Lopez, places before the Court the following issues relating to his appropriate sentence, pursuant to Fed. R. Crim. P. 32(c) (1).

        On February 16, 2018, the defendant, Mr. Reynaldo Lopez, appeared before this Court and entered a guilty plea in accordance with a plea agreement, pleading guilty to Counts One, Two, Three and Four as charged in Information filed under Docket Number 18-cr-142 (ER) Mr. Lopez is scheduled to be sentenced on Wednesday, September 19, 2018 at 11:00 a.m. This submission is made by counsel on behalf of the Defendant, Mr. Reynaldo Lopez

## PLEA AGREEMENT AND SENTENCING GUIDELINES

        The applicable Guidelines manual applied to this case is the manual effective November 1, 2016 and, in this matter, pursuant to USSG § 1B1.11 as noted in the Pre-Sentence Report (PSR) and the Plea Agreement (PLEA) signed and dated February 18, 2018 and filed with the Court.

As set out in both the PSR and the PLEA the applicable Guidelines apply specifically to this case and are not contested or objected to by the Defendant:

Count One: Access Device Fraud. 18 U.S.C. § 1029(a)(2), 18 U.S.C. § 1029(b)(I)

Penalties: Maximum ten (10) years of imprisonment; maximum three (3) years of supervised release; $250,000 fine; $100 special monetary assessment. (Class C Felony)

Count Two: Aggravated Identity Theft. 18 U.S.C. § 1028A(a)(I), 18 U.S.C. § 1028A(b)

Penalties: Mandatory term of two (2) years of imprisonment to run consecutive to any other term of imprisonment; maximum one (1) year of supervised release; $250,000 fine; $100 special monetary assessment. (Class E Felony)

Count Three: Passing Counterfeit Obligations. 18 U.S.C. § 472

Penalties: Maximum twenty (20) years of imprisonment; maximum three (3) years of supervised release; $250,000 fine; $100 special monetary assessment. (Class C Felony)

Count Four: Attempt to Distribute and Possess with Intent to Distribute Heroin. 21 U.S.C. § 846, 21 U.S.C. § 841(b)(I)(C)

Penalties: Maximum twenty (20) years of imprisonment; minimum three (3) years up to life of supervised release; $1,000,000 fine; $100 special monetary assessment. (Class C Felony)

The initial Guidelines calculation as reflected in the PSR and the PLEA indicate a recounting of the groupings along with the base level offenses and enhancements thereto. The resulting Guideline level before any adjustments is a Level 36 which is set out in detail in the PSR. Mr. Lopez has clearly accepted responsibility in a complete and timely fashion and thus based on the PLEA and as reflected in the PSR Mr. Lopez should receive a three (3) point reduction as part of the Guideline calculation. Mr. Lopez acknowledges and thanks the Government as represented by AUSA Alex Rossmiller for this recommendation. The 3 point reduction is warranted

pursuant to U.S.S.G. § 3E1.1(a) and (b). As noted in the PSR Mr. Lopez has no prior criminal history and thus is a Category 1 for purposes of the Court's consideration.

As set out in both the PSR and PLEA the calculated Guideline Range is 135-168 months at a Guideline level of 33. Again Mr. Lopez acknowledges this assessment and does not object to the calculation of the Guideline level and range. The matters of forfeiture and restitution are also accurately reflected in the PSR and the PLEA. It is also noted that Mr. Lopez has been completely compliant with his release conditions and his supervision by Pre-Trial Services and would be an appropriate candidate for self-surrender to the Bureau of Prisons

The PSR also goes into a rather extensive explanation of the background of the crimes and conspiracy charged in the Information as it relates to Identity Theft crime et.al., as well the Narcotics charge. This submission will not address the specific facts as set out in the PSR but rather highlight some of the factors that relate to Mr. Lopez's position as it relates to sentencing and the factors for the Court to consider under 18 U.S.C. §3553 (a). This by no means expresses any denial of responsibility on the part of Mr. Lopez but is done so as not to repeat what the Court has before it in the PSR. This Court has also had the opportunity to observe and hear Mr. Lopez's allocution to the Counts in the Information.

## SENTENCING FACTORS

18 U.S.C. §3553(a) requires that this Court consider the purposes of sentencing, including punishment, promotion of public safety, and deterrence. Under these standards, the Court may impose a sentence outside of the guidelines in appropriate circumstances.

### 1. The Need for the Downward Variance and Sentencing Outside the Guidelines

Mr. Lopez fully admits that he was involved in the Counts as reflected in the Information and as pled to before this Court on February 16, 2018. Mr. Lopez understands that the Court may impose a sentence of incarceration for 3 of the counts to which Mr. Lopez pled guilty and must impose a consecutive two (2) year sentence on Aggravated Identity Theft, 18 U.S.C. § 1028A(a)(1) and 18 U.S.C §1028A(b). Mr. Lopez accepts his responsibility for his acts and stands solely before the Court to receive his sentence.

Mr. Lopez has no prior criminal involvement whatsoever he is a 27-year-old young man who until this arrest was a member of the New York City Police Department (NYPD) and the father to three (3) young children. The last 10 months or so have had a significant impact on Mr. Lopez and have caused him to reevaluate his position at the time of this

incident now realizing the long-term impact of his actions although he readily admits that the timing of this may appear suspect to the court in light of his impending sentencing. Mr. Lopez understands and accepts the fact that he must deal with the label of being a convicted felon. Mr. Lopez also realizes his responsibility for the amount of forfeiture that may be imposed by the Court. As reflected in the PSR there is no restitution listed. Economically, the imposition of incarceration will place Mr. Lopez and his family in a precarious position as would any fine imposed by the Court. I respectfully direct the Court to the statement submitted by Mr. Lopez as to both his acceptance of responsibility and the remorse with which he stands before the Court.

In addition, as it relates to acceptance of responsibility, my understanding is that once arrested Mr. Lopez was cooperative and truthful with the Investigators on this matter. In addition, I was present with Mr. Lopez at a meeting with the government in the form of a proffer and I have no reason to believe that Mr. Lopez was anything but forthright and honest with the Government representatives at that meeting. It should be noted that due to the manner in which the Government proceeded, negotiated and charged Mr. Lopez he benefited by not having to satisfy "safety-valve" consideration. Although the Guideline levels are high, especially in a stark recounting of the numbers, I submit that there is much more to consider in judging Mr. Lopez's position before the Court.

It is also respectfully submitted that the Court consider the attached statement from Mr. Lopez. I suggest that this statement helps to paint a balanced picture of the man who stands before this Court. The defendant is requesting a variance as allowed and indicated as a choice by the Court in the Policy Statement referred to in the Guidelines at U.S.S.G. § 5K2.0 which provides insight on determining what a reasonable sentence is, the Commission stating:

> An offender characteristic or other circumstance that in the Commission's view, "not ordinarily relevant" in determining whether a sentence should be outside the applicable guideline range may be relevant to this determination if such characteristic or circumstance is present to an unusual degree and distinguishes the case from the "heartland" cases covered by the guidelines in a way that is important to statutory purposes of sentencing.

In *United States v. Broderson*, 67 F.3d 452 (2d Cir. 1995), the Second Circuit explained that pursuant to U.S.S.G. § 5K2.0, even in cases in which no single mitigating circumstance is, itself, sufficient to warrant an adjustment, the district court has the authority to construct a sentence based on a combination of such circumstances. See also *United States v. Rioux*, 97 F.3d 648, 663 (2d Cir. 1996).

As Mr. Lopez stands before the Court he does not excuse his actions in regard to the crimes for which he has pled guilty. It is also submitted that there are many positives that Mr. Lopez possesses as an individual that he hopes that the Court takes

into consideration in his request that the Court make a downward variance and craft a sentence that is just and appropriate under the circumstances. Although the crime herein involves serious activity which needs to be addressed by our laws, Mr. Lopez appears here as a bright, respectful and sincere hard-working family man. Mr. Lopez is a man who has achieved in very positive ways, for example, Mr. Lopez has continued to work long hours in the construction field in order to support his young family since his initial release. He has endeavored successfully to abide by all release conditions and been completely cooperative with Pre-Trial Services. Mr. Lopez has also demonstrated tremendous respect for this Court and our system of justice. Glimpses of the type of man Mr. Lopez is and has been can be seen just spending short periods of time with Mr. Lopez and his fiancé Ms. McCarthy. Mr. Lopez also has submitted a letter to the Court as well as he will exercise his right to make an oral statement to the Court prior to the pronouncement of sentencing. Mr. Lopez was completely cooperative in the preparation of the Pre-Sentence report as done by the Probation Department.

I would be remiss as an attorney of thirty four (34) years not to offer some observations to the Court during my representation of Mr. Lopez. From the outset, both Mr. Lopez and his family have been completely forthright and cooperative with this writer. There was never a question of accepting responsibility and the only real request was to hope that the Court would consider minimal incarceration as part of the sentence opposed. It is clear to me that this position has validity and is not, as many in this situation do, a position taken to avoid responsibility. It is my experience that Mr. Lopez has come to a realization that he must deal with this conviction but also that he desires to approach this in a very positive manner and demonstrate to the Court, his family and the public that this crime was an aberration in relationship to the character and thoughtfulness normally exhibited by Mr. Lopez and observed by those around him on a daily basis. Moreover, this writer has on several occasions witnessed the utter angst, anxiety and shame that I believe Mr. Lopez suffers through on a daily basis.

**2. Mr. Lopez and the Justice System would not be served by a sentence of incarceration.**

18 U.S.C. 3553 (a) (2) requires a sentencing court to consider the "need for the sentence imposed". Among the considerations are the following:

1) Subdivision A of this section states that the sentencing should reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense. In this case it is submitted that by his plea and acceptance of responsibility and knowing that incarceration is a reality in this disposition Mr. Lopez has shown that he realizes the seriousness of the offense. This may not have been clear at the outset of his actions, clouded by his motives to provide for his family, involvement in a conspiracy with major consequences, but has certainly been realized by Mr. Lopez during the Investigation and Prosecution of this matter. I know that Mr. Lopez has shown a respect for the law and true remorsefulness for his actions that constitute the instant offense. It is respectfully submitted that a just punishment in this

matter would not require an extended period of incarceration. Mr. Lopez is a man who still has opportunities to take advantage of that would only be defeated by lengthy incarceration and have a life-lasting effect on a bright, dedicated individual whose hope is to continue to be a productive and law abiding member of society given the chance to prove so if the Court permits. There are times that we in the "system" sometimes forget the tangential punishments that go along with a criminal felony conviction. In this case there are some very serious and broad consequences to Mr. Lopez once sentence is passed and the judgement of conviction entered. Already Mr. Lopez has cost himself a promising career with NYPD and some of the security that type of career can provide to an individual and his family. At the forefront of these consequences is being labeled a convicted felon for the rest of his life. Although Mr. Lopez holds out hope to somehow demonstrate a dedication to gaining further education and continued work, but these pursuits become more difficult with more obstacles in the way just from the label "convicted felon". This is a very difficult and taxing situation for a young man faced with the uncertainty of his family's survival based on any extended incarceration. I know in my interactions with Reynaldo that even now as sentencing approaches he works diligently to provide for his family and frets for their wellbeing in his absence.

      2) Subdivision (B) provides that a sentence afford adequate deterrence to the criminal activity involved. It is respectfully submitted that the Investigation, Prosecution and his interaction with both Pre-Trial Release Services and the Probation Department as well as his exposure to the proceedings before this Court have already served to reinforce the deterrent aspect of his plea and sentence. From my observations and experience it is clear that Mr. Lopez was initially in shock as to the effects his activity had on both himself and more importantly his family. Mr. Lopez was truly terrified from the first encounter with the investigating agents and the execution of the arrest in this case to now standing before this Court for sentencing that this experience has left an indelible mark on Mr. Lopez and surely will serve as a deterrent now and in the future. Also, Mr. Lopez has acknowledged and expressed his remorse to the government agencies involved. With the broad sentencing range being faced herein in this conspiracy it amazes me that really the amount of possible profit was relatively low.

      3) Subdivision (C) provides for the protection of the public from further crimes of the defendant. Clearly in this case it is submitted that the man standing before the Court is not a threat to the public and highly unlikely to ever be involved in criminal activity again. Many of the arguments and points made above about Mr. Lopez apply here and there is nothing on the record before this Court to lead to the conclusion that this is nothing more than an aberration and isolated incident as opposed to a character flaw in Mr. Lopez. There is nothing to indicate that this type of behavior or criminal

activity would ever be repeated by Mr. Lopez. It is respectfully submitted that incarceration of length is not needed in this case to achieve the goal of protecting the public from Mr. Lopez. Although hindsight can be perfect, in this case it is useful to show that for approximately 27 years (the age since arrest here) Mr. Lopez exhibited an exemplary life dedicated to raising and supporting a family and dedicating himself to his chosen profession. At this point extended incarceration would be devastating to Mr. Lopez, his family and their economic situation.

In addition, I have recently participated in several Sentencing Hearings in various Federal District Courts. It has led to my re-evaluation of the term and concept of General Deterrence. I have participated in the Criminal Justice Field for all my 34 years and frankly as I think back I find it difficult to imagine specific sentences on specific defendant's really having any General Deterrent effect on society. Most people that avoid criminal behavior and live a life free of such problems and consequences, seem to do so more based upon the manner in which they were raised rather than being deterred by the "system". There also exists as many explanations for the commission of crime as there are individuals. In short, I believe that the sentencing goals of the Guidelines and the existing law can be dealt with more as a function of analyzing the individual.

In the instant case, the Guideline as calculated would appear to be extremely harsh in light of the manner in which the case was ultimately charged in the Information and the plea as entered. As previously noted above and as reflected in the PSR, despite the high Guideline level as calculated, the offenses charged do not include any mandatory sentences even near the range suggested. I submit this high range is a function of robotic calculations of the Guidelines. It is also noted that Count 2, the Aggravated Identity Theft count does require a two (2) year sentence mandatory consecutive to other sentences imposed by the Court. The disposition before the Court gives the Court great leeway in imposing an appropriate and fair sentence and still serve the purposes of the Guidelines without being overly harsh.

As a prosecutor in New York State for seventeen (17) years I served and supervised at times the Narcotics Bureau and was cross-designated in the New York Attorney General's Organized Crime Task Force (OCTF). The period during which I served was dominated by the so-called "Rockefeller Drug Laws" which contained very severe penalties of a mandatory nature and frustrated many Judges in dealing with these cases. I was lucky enough to work in a progressive thinking office and the District Attorney at the time recognized the "Draconian" nature of such laws and thus allowed broad exercise of discretion by the bureau in disposing of matters so that just dispositions and sentences were the order of the day. I suggest the Court here as such discretion to avoid a "Draconian" type disposition in this matter with a fair and just sentence.

A sentence which was structured around time served and post-release supervision would accomplish properly all the sentencing factors considered by the

Commission and contemplated by the Guidelines. During the course of my representation, I spoke with the Government on several occasions and applaud their honesty and professionalism. One of these meetings included Mr. Lopez and revolved around the discussion of the case and the evidence and the possible criminal liability and exposure that Mr. Lopez was facing in terms of the Government's position. This meeting took place prior to the entry of the plea and I was present throughout. I would like to share with the Court an observation I made throughout the course of this approximately 3-hour meeting. As such I conducted many such meetings as the one I attended with Mr. Lopez. What struck me as I observed Mr. Lopez was what seemed the actual destruction of a man's pride and spirit, needless to say it was unpleasant to experience, and I cannot imagine what Mr. Lopez was going through at that time. I suppose there are cases and times when the greatest punishment suffered by a man is before any sentence is passed and I truly believe that to be the case in this instant.

Mr. Lopez is a stoic man of great sensitivity and the anguish and pain caused by being thrust into this criminal matter has greatly effected Mr. Lopez and has also contributed to his reflection upon the consequences of his actions not only to himself but upon the victim and Mr. Lopez's family. The stress of the situation has effected his vision of the future in aiding to raise his children and provide for them both as a parent and the main economic provider.

## CONCLUSION

Mr. Reynaldo Lopez now stands before this Court ready for sentencing. Mr. Lopez has not only accepted responsibility for his actions but has stated, and shown, that he is committed to living his life in a positive manner, pursuing his education and becoming a productive member of society as well as being dedicated to his family. He recognizes the impact the choices he has made have had on his life as well as the lives of those he cares about. Mr. Lopez is an intelligent, humble, and respectful individual who made a grievous error in judgment back in 2017, so much of an error that the remainder of his life will be effected by his actions. Mr. Lopez, and counsel, now seek relief from the Court in crafting a sentence with limited incarceration. It would be counterproductive and serve no just end to incarcerate Mr. Lopez for an extended period at the expense of his family. Mr. Lopez is committed to proving to this Court that his singular mistake here, although serious in nature, is not indicative of the traits and character that make up the man standing before the Court. While the Court will consider the nature and circumstances of the offenses for which Mr. Lopez will be sentenced, we also ask that the Court consider the statements of Mr. Lopez. Based upon the aforementioned factors, we respectfully request that Mr.

Lopez be sentenced to a period of sentence of Time Served and 3 years Post-Release Supervision on Counts 1,3 and 4, followed by the mandatory two (2) year sentence consecutive to the time served judgments. It is urged upon this Court that such a sentence will achieve all of the requirements of a just sentence in this case and Mr. Lopez will abide by all conditions of the sentence this Court deems appropriate.

Dated: Atlanta, Georgia

September 5, 2018

Respectfully Submitted,

Edward J. McQuat
*Attorney(s) for Defendant Mr. Reynaldo Lopez*
Atlanta, GA and New York, NY
972-965-3204
emcquat@hotmail.com

TO: AUSA Alex Rossmiller
Via ECF

September 8. 2018

Hon. Edgardo Ramos

Thurgood Marshall

United States Courthouse

40 Foley Square

New York, NY 10007

Re: United States v. Reynaldo Lopez 18-cr-142 (ER)

As I stand here today I would like to thank AUSA Alex Rossmiller for not retaliating with harsh requests and punishments. I would like to thank Judge Ramos for being understanding throughout this process. To my legal team I thank you with all that is me. To my family; I thank you for sticking by my side from the beginning of this case.

I am writing to you today before my sentencing hearing on September 19th, 2018.  I am pleading for your leniency and asking you not be punitive in your decisions. I ask that you keep in my mind that the decision you make today on my sentencing will affect many lives; mostly my children Reynaldo, Jeremiah, and Leighton.

Your Honor you know the crime I committed was Egregious. I feel I owe you an explanation for why I acted against the law. The reason behind my actions are my family; Reynaldo, Jeremiah and Leighton. I felt with my Job as a police officer, the only thing I bought to the table were benefits that they would not inherit until I was either dead or injured. I felt I had a heavy financial burden that the NYPD salary was not covering. I stand here in your court room a changed and remorseful man. I am remorseful for all my actions and the fact that I let down my family, my community, the NYPD, and everyone that have been rooting for me.

I believe that I can use education and experiences throughout this process to engage in community service or alternative sentencing. Being incarcerated for these offenses would be an impairment to my immediate family, my community and all those who are rooting for me.

For the past five years I have been the sole provider for my family. This consist of my girlfriend and my three children. I often helped my mom who is on disability due to an injury on her job. I would occasionally help her with transportation and bills. If I am incarcerated my family will suffer financially and emotionally. As a father I am very involved in my children lives and not being able to be around in their daily lives will cause emotional distress to them.

I beg you your honor to please consider my letter and my family when you set your sentencing. At this point your honor you have the ability to give me a second chance and my children their father without skipping a beat.

Respectfully submitted,

Reynaldo Lopez